**Hazel MEYERS, Claimant-Appellee,**

v.

**HOLIDAY INN OF CEDAR FALLS, IOWA, Employer-Appellant,**

**Continental Casualty Company, Insurance Company-Appellant.**

**No. 2–60936.**

Court of Appeals of Iowa.

Oct. 19, 1978.

Jim D. DeKoster, of Swisher & Cohrt, Waterloo, for appellant.

Robert D. Fulton, of Fulton, Frerichs, Nutting & Martin, Waterloo, for appellee.

Heard by DONIELSON, Acting C. J., and SNELL, OXBERGER and CARTER, JJ.

PER CURIAM.

Employer and insurance carrier appeal trial court judgment affirming award of the industrial commissioner in a review reopening proceeding. We affirm the trial court.

The issue raised by the appeal is whether the industrial commissioner, in a proceeding for review reopening, has authority to change the extent of permanent partial disability under which compensation is paid because passage of time and subsequent events reveal that such disability exceeds that determined in the original arbitration decision. In the present case both the industrial commissioner and the district court concluded that the commissioner did have such authority. This conclusion resulted in

a decision on review reopening increasing the percentage disability of the body as a whole upon which claimant Hazel Meyers' benefits were computed.

The controlling statute is § 86.34, The Code, which provides in pertinent part:

Any award for payments . . . made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner . . . and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded.

With respect to review reopening proceedings under this statute, the court in *Gosek v. Garmer and Stiles Co.*, 158 N.W.2d 731, 735 (Iowa 1968) rejected the contention that a claimant must show a change of condition subsequent to a prior adjudication in order to seek additional compensation. The court there held:

We now hold, cause for allowance of additional compensation exists on proper showing that facts relative to an employment connected injury existed but were unknown and could not have been discovered by the exercise of reasonable diligence, sometimes referred to as a substantive omission due to mistake, at time of any prior settlement or award.

The employer and insurance carrier in the present appeal argue that Mrs. Meyers' case does not fall within the situations referred to in *Gosek* because her condition had not changed since the time of the initial arbitration award and she presently has no work related injury of which she was not aware at that time. At the initial arbitration hearing the orthopedic surgeon who had performed two surgeries on Mrs. Meyers' back as a result of an employment related injury incurred on June 23, 1971, testified that she had sustained a 12 percent permanent partial disability as a result of said injury. This testimony was given on May 18, 1972. Based upon this testimony the industrial commissioner found a 12 percent permanent partial disability of the

body as a whole and benefits were paid accordingly.

The present review reopening was commenced by Mrs. Meyers on May 1, 1975. As part of the evidence presented in support thereof the same orthopedic surgeon who had previously testified at the arbitration hearing testified that he had erred in his previous finding of a 12 percent permanent disability and that Mrs. Meyers' disability of the body as a whole due to the June 23, 1971 injury was in fact 23 percent. Another doctor testified that the extent of such disability was 25 percent of the body as a whole.

The question we must decide is whether a mistaken assessment of the extent of a claimant's disability later modified to correspond with findings made in subsequent medical evaluation will support an increased award on review reopening. It is clear that if the subsequent evaluation results from an unexpected deterioration of the claimant's physical condition, a review reopening will lie. *Bousfield v. Sisters of Mercy*, 249 Iowa 64, 86 N.W.2d 109 (1957). But does the same hold true when the later evaluation results from the failure of a diagnosed condition to improve to the extent anticipated? In the present case the orthopedic surgeon who treated Mrs. Meyers made the evaluation upon which his testimony at the arbitration hearing was founded four months after the second surgery and before the claimant was released to return to work. At the review reopening hearing he testified that his 12 percent dis-

ability rating assumed that there would be an improvement in Mrs. Meyers' condition which did not occur.

We believe the situation before us falls within the concept of "substantive omission due to mistake" recognized in *Gosek*.[1] It makes little difference from the standpoint of the injured claimant whether a physical condition resulting from an injury progressively worsens beyond what was anticipated or fails to improve to the extent anticipated. Either situation results in the industrial commissioner being unable to fairly evaluate the claimant's condition at the time of the arbitration hearing.

In deciding this question it is important to note that the determination to be made is industrial disability not functional physical disability. Where, as in the present case, the evaluation is made before the claimant attempts to return to work the extent of industrial disability is not certain. When passage of time and subsequent events show the true extent of industrial disability there should be some vehicle for adjusting a prior award. The commissioner and the trial court properly concluded that § 86.34, The Code, provides that vehicle.

AFFIRMED.

---

1. *Bousfield v. Sisters of Mercy*, 249 Iowa 64, 67, 86 N.W.2d 109, 111 (1957) provides some support for this conclusion. Although the court in that case made a finding of "progressive deterioration" in the claimant's condition

the evidence of this was not strong and the court also noted in its decision that "the expected clearing up did not occur after the [earlier arbitration] award."