Gale D. McCOLLOUGH,
Plaintiff-Appellant,

v.

CAMPBELL MILL & LUMBER CO., Employers Mutual Companies, and Iowa Industrial Commissioner, Defendants-Appellees.

No. 86–128.

Court of Appeals of Iowa.

March 31, 1987.

Patrick B. Chambers, Webster City, Iowa, for plaintiff-appellant.

Mark S. Brownlee and Claire F. Carlson of Kersten, Opheim & Carlson, Fort Dodge, Iowa, for defendants-appellees Campbell Mill & Lumber Co. and Employers Mut. Companies.

Thomas J. Miller, Atty. Gen. of Iowa, and James M. Peters, Asst. Atty. Gen., for defendant-appellee Iowa Indus. Com'r.

Heard by SCHLEGEL, P.J., and HAYDEN, and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

Plaintiff appeals a summary judgment for defendants in an action seeking to set aside a 1971 order of the deputy industrial commissioner commuting plaintiff's workers' compensation award based upon a 60% permanent industrial disability. We affirm.

On September 23, 1967, the plaintiff, Gale D. McCollough, injured his back in a work-related accident. As a result of the injury, McCollough suffered paralysis of his left leg. In December 1971 McCollough sought and received a commutation of his worker's compensation award from the deputy industrial commissioner, based upon a sixty percent permanent industrial disability.

In 1979 McCollough began experiencing numbness in his right leg. When a medical evaluation connected the impairment to McCollough's original injury, McCollough decided to seek additional worker's compensation. In August 1983 McCollough filed a petition to set aside the deputy industrial commissioner's commutation order on the basis of fraud and mutual mistake of fact. The defendants filed a pretrial motion for summary judgment and McCollough resisted.

Following a hearing on the motion, the trial court found that McCollough was made aware in 1969 that his condition could worsen over time. The court held that the evidence did not support a fraud allegation and disclosed no mistake of fact as a basis for setting aside the commutation. As a result, the trial court granted the defendants' motion for summary judgment and dismissed McCollough's action. McCollough's motion to enlarge or amend the trial court's findings and conclusions, filed pursuant to Iowa Rule of Civil Procedure 179(b), was subsequently denied.

In reviewing the grant of summary judgment under Iowa Rule of Civil Procedure 237(c), the question is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. *Suss v. Schammel*, 375 N.W.2d 252, 254 (Iowa 1985); *Brown v. Monticello State Bank of Monticello*, 360 N.W.2d 81, 83–84 (Iowa 1984). The resisting party must set forth specific facts showing there is a genuine issue for trial. *Iowa Civil Rights Commission v. Massey-Ferguson, Inc.*, 207 N.W.2d 5, 8 (Iowa 1973); Iowa R.Civ.P. 237(e). Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984).

On appeal, plaintiff argues that the trial court erred in granting a summary judgment as a genuine issue of material fact was presented. Plaintiff does not appeal the summary judgment as to the fraud

issue but only on the grounds that a mutual mistake of material fact occurred in connection with the commutation.

Iowa Code section 85.47 (1985) addresses the commutation of workers compensation benefits:

**Basis of commutation.** When the commutation is ordered, the industrial commissioner shall fix the lump sum to be paid at an amount which will equal the total sum of the probable future payments capitalized at their present value and upon the basis of interest at the rate provided in section 535.3 for court judgments and decrees. Upon the payment of such amount the employer shall be discharged from all further liability on account of the injury or death, and be entitled to a duly executed release, upon filing which the liability of the employer under any agreement, award, finding, or judgment shall be discharged of record.

On December 21, 1971, the plaintiff, in his petition for commutation, stated:

[T]hat subject to the approval of the Iowa Industrial Commissioner, he and the defendants herein have agreed upon a commuted settlement of said claim on the basis hereinafter prayed for, which settlement agreed by and between the parties shall constitute a full, final, complete and irrevocable settlement and satisfaction of any and all claims for workmen's compensation which the claimant or anyone claiming by or through him now has or may hereafter have against said defendants or either of them, growing out of or resulting from the injury of September 23, 1967.

WHEREFORE, the claimant prays to the Industrial Commissioner for an order commuting the unaccrued and unmatured portion of the claimant's claim for compensation at its commuted value of Seven Thousand Seven Hundred Fifty-Two Dollars Fifty Cents ($7,752.50) which the claimant further prays to the Industrial Commissioner to order and authorize the defendants herein to pay unto the claimant in a lump sum, and upon payment thereof further prays to the Industrial Commissioner for an order ful-

ly discharging the defendants herein from any and all further liability growing out of or resulting from the claimant's injury of September 23, 1967.

The order of commutation decreed:

IT IS THEREFORE ORDERED that the unaccrued and unmatured portion of the claimant's claim for compensation be commuted without discount for commutation in the amount of Seven Thousand Seven Hundred Fifty-Two Dollars Fifty Cents ($7,752.50) which the defendants are hereby authorized and directed to pay unto the claimant in a lump sum, and it is further ordered that upon payment thereof the defendants be and are hereby discharged from any and all further liability growing out of or resulting from the injury of September 23, 1967.

On January 5, 1972, plaintiff, in his receipt and acknowledgment of commutation, said:

COME NOW the claimant, Gale McCollough, and his attorney, Stewart H.M. Lund, and certify and acknowledge that the defendant, Employers Mutual Casualty Company, has paid unto the claimant the sum of Seven Thousand Seven Hundred Fifty-Two Dollars Fifty Cents ($7,752.50) under and in compliance with an Order of Commutation made in said proceeding by the Iowa Industrial Commissioner on the 22nd day of December, 1971, which is in addition to the payment of Eleven Thousand Eighty-Nine Dollars Fifty Cents ($11,089.50) previously paid and in consideration thereof the defendants Campbell Mill and Lumber Co., and Employers Mutual Casualty Company, are hereby released and forever discharged from any and all further liability under the Iowa Workmen's Compensation Law or otherwise on account of an injury sustained by the claimant on September 23, 1967, arising out of and in the course of his employment by the defendant, Campbell Mill and Lumber Co.

Iowa Code section 85.26(2) (1985) permits a claimant to seek a review by reopening proceedings only where benefits have not been commuted. Since the benefits were commuted in this case, the plaintiff argues that the commutation proceedings should

be set aside based on a theory of a mutual mistake of fact. Plaintiff claims that a substantive omission due to mistake of fact at the time of the prior settlement allows the review. It is true that Iowa cases have found that mistakes of medical facts should result in the granting of additional benefits. These cases, however, have been limited to review-reopening cases. *See Gosek v. Garmer*, 158 N.W.2d 731 (Iowa 1968); *Meyers v. Holiday Inn of Cedar Falls, Iowa*, 272 N.W.2d 24 (Iowa App.1978). A commutation, however, presumes that the benefit can be "definitely determined." *See* Iowa Code § 85.45(1) (1985). We need not here decide whether or not a mutual mistake of fact would ever constitute grounds upon which to set aside a commutation since we are convinced that there is no evidence suggesting that a mutual mistake of fact occurred at the time of the commutation of benefits.

The commutation order stated that the degree of permanent and total disability was definitely determined and agreed to be 60% permanent. The plaintiff was aware prior to the commutation that his condition could worsen over time. The plaintiff attached a report from Dr. Thornton with his petition for commutation which said:

> I feel that the patient will remain in this status. I do not feel that a great deal of improvement is anticipated, if any, and there may be some decrease in his actual physical abilities.

An agreement to compromise unknown injuries and future damages is valid and enforceable if the parties intended such a result at the time of settlement. *Stetzel v. Dickenson*, 174 N.W.2d 438, 443 (Iowa 1970). Mutual ignorance of the existence of unknown conditions cannot constitute mutual mistake. *Id.* Apparently, the plaintiff knew his condition might worsen. The parties clearly intended to settle all present and future claims. We agree with the trial court that the plaintiff did not present any facts which could indicate there was any mutual mistake of fact be-

tween the parties concerning the plaintiff's future condition.

AFFIRMED.