**IOWA CIVIL RIGHTS COMMISSION and Heriberto Zamora, Appellants,**

v.

**MASSEY–FERGUSON, INC., Appellee.**

**No. 55556.**

Supreme Court of Iowa.

April 25, 1973.

Richard C. Turner, Atty. Gen., and Roxanne Barton Conlin, Asst. Atty. Gen., for appellants.

Swift, Brown, Rogers, Winick & Randall, by John R. Phillips, Des Moines, for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

The basic issue in this civil rights case is whether the following provision in § 105A.9(15), The Code, 1966 [now § 601A.-9(15), The Code, 1973] shall be construed as mandatory or merely directory:

> "Any complaint filed under this chapter shall be so filed within ninety days after the alleged discriminatory or unfair practice occurred."

Trial court interpreted this language to be mandatory, held the proceedings barred by the 90 day time limitation, set aside an Iowa Civil Rights Commission ruling favorable to complainant, and dismissed the cause. We affirm.

March 6, 1970, Heriberto Zamora, the complainant, was discharged by his employer, Massey-Ferguson, Inc. The latter assigned as cause falsification of health insurance claims. Complainant orally protested the same day and the following day to the Iowa Civil Rights Commission that

he was discharged because of his Mexican-American origin.

August 5, 1970, 152 days after the alleged discriminatory action, complainant filed with the Commission a written, verified complaint pursuant to § 105A.9(1), The Code, 1966.

April 19, 1971, complainant and the Commission filed an amendment to the initial complaint, alleging discriminatory practices against persons of Mexican origin which "materially contributed to complainant's discharge."

At the Commission level the employer filed written motion to dismiss the amended complaint. One ground relied on § 105A.9(15) as a statute of limitation and challenged the Commission's jurisdiction to consider the complaint. The same motion in substance was orally renewed at the Commission hearing on April 22, 1971.

In its findings and conclusions the Commission did not directly pass on the employer's motion, but concluded it had jurisdiction of the parties and subject matter. Commission's order entered July 1, 1971, directed injunctive relief, reinstatement of complainant with back pay, and required development of an affirmative action program with monthly reports to the Commission.

The employer petitioned for review in the district court and requested leave to present additional evidence. See §§ 105A.-10(1), (6), The Code, 1966. Answer filed by the Commission and complainant resisted the request and prayed the Commission order be affirmed.

Thereafter the employer filed "Motion for Summary Judgment and Adjudication of Law Points." It alleged there was no genuine issue of material fact. The motion asserted the employer was entitled to judgment reversing and vacating the findings, conclusions and order of the Commission on the following propositions of law:

"a. The said complaint was not timely filed as required by the said Section 105A.9(15) of the Iowa Code.

"b. Because of non-compliance with the said statutory filing limitation, the Commission had no jurisdiction or statutory authority over the subject matter of the said complaint, and it erred in hearing and determining the merits of said complaint."

In resistance, complainant and Commission denied there was no genuine issue of material fact, and alleged facts purporting to show excuse for noncompliance with § 105A.9(15). These allegations are discussed in divisions which follow.

As we have already indicated, trial court's holding in effect sustained the motion and nullified Commission's order.

I. This court fully understands the Iowa Civil Rights Act of 1965 is, by its language, to be construed broadly to effectuate its purposes. Section 105A.11, The Code, 1966. We followed that concept in Iron Workers Local No. 67 v. Hart, 191 N.W.2d 758 (Iowa 1971), when we held strict procedural rules were inapplicable at the Commission level and that the complaint filed there satisfied minimal statutory requirements.

We are confronted here, however, with a clear and unambiguous statute specifically limiting the number of days within which the complaint *shall* be filed. In determining the legislative intent we examine what the legislature said, rather than what it should or might have said. Rule 344(f)(13), Rules of Civil Procedure. It will not be presumed that useless and meaningless words are used in a legislative enactment, and an interpretation reaching that result should be avoided if possible. Mallory v. Paradise, 173 N.W.2d 264 (Iowa 1969); State v. Downing, 261 Iowa 965, 155 N.W.2d 517 (1968).

It is true that § 105A.9(15), set out in the first paragraph of this opinion, does

not contain the words "forever barred" or words of like import commonly used in limitation statutes. Compare § 105A.9(15) with, e. g., §§ 25A.13, 448.16, 614.1, 633.-410, The Code, 1966. In applying a federal statute almost identical in language, federal courts have reached conflicting results:

"Under 42 U.S.C. § 2000e–5(d), employees who do not file charges with the Equal Employment Opportunity Commission within 90 days after the occurrence of an alleged discriminatory employment practice are barred from recovering damages or reinstatement. In cases where the unlawful act has been completed, a number of courts have expressed the view that the 90-day limitation is mandatory, although there is some authority that the 90-day limitation is directory."—15 Am.Jur.2d, Civil Rights § 73, at pp. 50–51 (Supp. 1972).

See Annot., 4 A.L.R.Fed. 833 (1970), and cases there cited.

Subsequent to the events upon which this litigation is grounded the Commission adopted related rules of practice. July 1972 Supp. I.D.R. 8. Of interest is Rule 3.-2(3) which provides:

"a. *Ninety-day limitation.* The complaint shall be filed within the ninety days after the occurrence of the alleged unlawful discriminatory practice or act."

The designation of the period as a "limitation" in this rule is in complete conformity with the mandatory language of the statute, and inconsistent with the position taken by the Commission in this appeal.

■ We hold the statute *sub judice* is a limitation statute. See Rosenthal v. State Employees' Retirement System, 30 N.J.Super. 136, 103 A.2d 896 (App.Div.1954). Because of the language differences between § 105A.9(15) and other Iowa statutes of limitations, coupled with the legislative mandate the enactment is to be broadly construed to effectuate its purposes, we abstain from now deciding this limitation shall always be accorded the unrelenting application of our other limitation statutes. The posture of this litigation does not require us to cross that bridge.

■ II. In a resistance to a motion for summary judgment the resisting party must set forth specific facts showing there is a genuine issue for trial. Rule 237(e), R.C.P.; Gruener v. City of Cedar Falls, 189 N.W.2d 577 (Iowa 1971).

This cause stood at issue in district court when employer's motion for summary judgment and adjudication of law points was filed. Complainant and Commission filed resistance containing certain affirmative allegations. These allegations raise the secondary issue whether trial court was justified in determining as a matter of law that the undisputed facts properly presented to it failed to constitute extenuating circumstances sufficient to excuse complainant's failure to comply with the statutory 90-day filing requirement.

■ III. It was alleged as excuse for failure to file the complaint on time that a union grievance procedure had been instituted by complainant on March 9, 1970, and denied on April 3, 1970. Although the comparable federal statute contains no exception, some federal courts have held the statute of limitations is tolled while resolution of the dispute is pursued in union grievance procedures. E. g., Hutchings v. United States Industries, Inc., 428 F.2d 303 (5 Cir. 1970). Section 105A.9(15) similarly contains no exception. But even assuming we were to follow the federal lead and hold the statute was tolled until April 3, 1970, more than 90 days elapsed before the complaint was filed on August 5, 1970. This circumstance generates no issue of material fact.

IV. Complainant at various times held dual employment at Massey-Ferguson and another company. Two different health insurance carriers were involved. Complainant apparently signed an insurance

form provided by this employer which indicated he had no coverage under any other group plan. In the dispute which followed he made inquiry of the insurance commission whether he was entitled to benefits under this employer's policy. He received an affirmative reply on May 22, 1970. Complainant and Commission allege and argue these circumstances should toll the limitation statute.

This situation differs from the federal union grievance procedure cases. In those cases it has been noted the union contract provided for arbitration as an exclusive and binding remedy. Hutchings v. United States Industries, Inc., supra. Other decisions articulate a sound public policy of encouraging private settlements through contractual grievance procedures. E. g., Culpepper v. Reynolds Metals Company, 421 F.2d 888 (5 Cir. 1970). Our decisions in Schimerowski v. Iowa Beef Packers, Inc., 196 N.W.2d 551 (Iowa 1972), and Thompson v. Iowa Beef Packers, Inc., 185 N.W.2d 738 (Iowa 1971), cert. dismissed as improvidently granted per curiam, 405 U.S. 228, 92 S.Ct. 859, 31 L.Ed.2d 165 (1972), merely hold the employee is not required to exhaust the union contract grievance procedures before instituting court action. In those Fair Labor Standards Act decisions we were not concerned whether a limitations statute would be tolled should the employee elect to first exhaust the contractual remedies.

■ The opinion sought from the insurance commission did not cloak it with any contractual or statutory power to determine the issues in this case; nor does it appear the insurance commission attempted such adjudication. We cannot agree such an insurance commission determination would be controlling, or even be material to the institution of a proceeding grounded on alleged national origin discrimination prohibited by the civil rights act.

V. The resistance alleged the Commission failed to offer complainant a complaint form when he visited Commission's offices on March 7, 1970. From this, Commission and complainant argue relief to a civil rights complainant should not be denied because of the acts or omissions of the Iowa Civil Rights Commission. This argument has a certain appeal. See McQueen v. E. M. C. Plastics Company, 302 F.Supp. 881 (E.D.Tex.1969); Antonopulos v. Aerojet-General Corporation, 295 F. Supp. 1390 (E.D.Cal.1968); Quarles v. Phillip Morris, Incorporated, 271 F.Supp. 842 (E.D.Va.1967). But cf. Kliege v. Iowa Employment Security Commission and Trey's Department Store, Inc., 206 N. W.2d 123 (Iowa 1973).

■ However, we need not decide the merits of that argument, for the resistance was fatally defective. In Gruener v. City of Cedar Falls, 189 N.W.2d 577 (Iowa 1971), the fraudulent concealment doctrine was urged as a defense to a § 613A.5, The Code, 1971, limitation. We there held the resistance to the city's motion for summary judgment was insufficient because it failed to affirmatively allege the time when plaintiff learned the city had negligently injured her. The *Gruener* rationale applies in the case at bar. The resistance here fails to state on what date a complaint form was provided. Obviously at some time such instrument was offered complainant, for he filed a form complaint on August 5, 1970. The factual allegations of the resistance provide no benchmark from which to measure whether the Commission was responsible for the delayed filing. In this, the resistance alleged no issue of material fact.

■ VI. Nor are we persuaded the employer's knowledge of a dispute satisfies the requirement of a filed complaint within the limited period. This of course assumes the doctrine of fraudulent concealment does not apply. See Pride v. Peterson, 173 N.W.2d 549 (Iowa 1970). That doctrine is not raised here.

■ The decision we reach here is not without precedent. The time in which

an administrative proceeding may be brought is often regulated by the statute providing for such proceeding, and a failure to comply with such statute may bar the administrative proceeding and any judicial proceeding which depends thereon. Marshall v. Pletz, 317 U.S. 383, 63 S.Ct. 284, 87 L.Ed. 348 (1943); 2 Am.Jur.2d, Administrative Law § 321, p. 146. An administrative agency may not enlarge its powers by waiving a time requirement which is jurisdictional or a prerequisite to the action taken. United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L. Ed. 405 (1938); 2 Am.Jur.2d, Administrative Law § 323, at p. 147.

■■■ Nor does this decision necessarily leave complainant without recourse. We have recognized a person subjected to discrimination may have a remedy in civil court in the form of compensatory damages. Iron Workers Local No. 67 v. Hart, supra; Humburd v. Crawford, 128 Iowa 743, 105 N.W. 330 (1905). See Amos v. Prom, Inc., 117 F.Supp. 615 (N.D. Iowa), appeal dismissed per stipulation, 214 F.2d 350 (8 Cir. 1954).

Further, if the discriminatory acts are in fact continuing (although the record before us discloses no indication of any alleged discriminatory act following March 6, 1970), the Commission may file and proceed on its own complaint. See § 105A.-9(1), The Code, 1966 ("* * * The commission, a commissioner, or the attorney general may in like manner make, sign and file such complaint.")

VII. Pertinent here is the following language (in reference to the Longshoremen's and Harbor Workers' Compensation Act) of the Supreme Court in Pillsbury v. United Engineering Co., 342 U.S. 197, 200, 72 S.Ct. 223, 225, 96 L.Ed. 225, 229 (1952):

"We are aware that this is a humanitarian act, and that it should be construed liberally to effectuate its purpose; but that does not give us the power to rewrite the statute of limitations at will,

and make what was intended to be a limitation no limitation at all. Petitioners' construction would have the effect of extending the limitation indefinitely if a claim for disability has not been filed; the provision would then be one of extension rather than limitation. While it might be desirable for the statute to provide as petitioners contend, the power to change the statute is with Congress, not us."

In the case before us, we find no genuine fact issue which would permit a conclusion the § 105A.9(15) limitation was tolled. The power to rewrite the time limitation is in the legislature, not this court. The record before us, the motion, and the resistance, fail to generate any material fact question. The issue below was one of law and properly adjudicated by trial court. We affirm.

Affirmed.