THE ASSOCIATION OF APARTMENT OWNERS OF THE GOVERNOR CLEGHORN, et al., Plaintiffs-Appellees, *v.* M.F.D., INC., a Hawaii corporation, et al., Defendants-Appellants, and BUILDING BOARD OF APPEALS FOR THE CITY AND COUNTY OF HONO-LULU, et al., Defendants.

NO. 6277

DECEMBER 8, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

M.F.D., Inc., Watters O. Martin, and Dolores F. Martin (hereinafter, appellants) appeal from a circuit court decision and order reversing a reinstatement order issued by the Building Board of Appeals of the City and County of Honolulu (hereinafter, Board). We vacate the orders of the lower court and the Board and dismiss the appeal.

On May 4, 1970, the Building Department of the City and County of Honolulu (hereinafter, Building Department) granted appellants' application for two building permits for the construction of a hotel on property situated at 2398 Kuhio Avenue, Waikiki (Tax Map Key No. 2-6-21:2).[1] Site work commenced on July 16, 1970 and continued intermittently until and including April 22, 1975.[2] On August 8, 1975, plaintiffs (appellees herein)[3] complained to the Building Department that "no 'substantial work' [had] been done on the property from 1970 to date as required by law to keep a permit active" and that the Building Department had been negligent in not enforcing the Building Code. Thereafter, on August 14,

---

[1] Permit No. 85102 was for the construction of an 11-story hotel-restaurant and Permit No. 85140 was for the construction of a retaining wall.

[2] The record discloses that during this period approximately $86,000 was expended by appellants toward the driving of a test pile, excavation work, and the pouring of concrete footings.

[3] Appellee The Association of Apartment Owners of Governor Cleghorn is an unincorporated association of owners in the Governor Cleghorn Condominium located at 225 Kaiulani Avenue, adjacent to appellants' construction site. The other appellees are alleged to be individual owners of apartments in Governor Cleghorn and members of the Association.

1975, the Building Department mailed a notice of revocation to appellants informing them that their permit had been revoked due to suspension or abandonment of work for a 90-day period ending on July 22, 1975.

On August 25, 1975, appellants' attorney requested and obtained from the Board a verbal extension of time to file an appeal to the Board for reinstatement of appellants' permits. On September 10, the last day of the extension granted by the Board, appellants' counsel filed a notice of appeal.[4]

Subsequently, a *de novo* hearing was held before the Board to consider reinstatement of appellants' permits. After hearing from Building Department officials, appellant Watters O. Martin, appellants' contractors and architect, and two representatives of the Governor Cleghorn Condominium, the Building Board of Appeals voted unanimously to reinstate appellants' permits. In a somewhat equivocal decision and order, the Board concluded that the Building Department's revocation of appellants' permits was "not based on justifiable grounds."

From this decision and order, the appellees initiated an appeal to the circuit court pursuant to HRS § 91-14 (1976) and Rule 72 of the Hawaii Rules of Civil Procedure alleging, *inter alia*, that the Building Board of Appeals was without jurisdiction to entertain appellants' appeal from the Building Department's revocation. Without discussing the jurisdictional issue, the lower court concluded that the Board's decision was "arbitrary and capricious" and "amounting to an unwarranted exercise of discretion." Accordingly, it reversed the Board's decision to reinstate the building permits in question.

In their appeal to this Court, appellants urge reversal of the lower court relying on numerous alleged errors. Appellees again contend, *inter alia*, that the failure of appellants to file timely notice of appeal at the Board level should have precluded the Board from considering reinstatement of appel-

---

[4] For some unexplained reason, appellants' filing fee was not paid until September 16, 1975.

lants' permits. Moreover, they argue that this defect at the Board level prevents judicial review of the case.[5] We agree.

Section 18-5.4, Revised Ordinance of Honolulu 1969, *as amended by* City and County of Honolulu, Hawaii, Ordinance 4425 (March 3, 1975), was the applicable provision governing appeals to the Building Board of Appeals from a revocation of permits by the Building Department. It provided in part:

> 2. Hearing. Where the permittee desires a review of the actions of the Building Official, he *must* file within 10 calendar days of receipt of the notice of revocation or suspension a *written request* with the Building Board of Appeals. The Building Board of Appeals shall have the authority to review the decisions of the Building Official in matters pertaining to the revocation and suspension of building permits.

> . . . .

> 4. Waiver. If the permittee fails to file a written request for hearing within the time prescribed under this section, he shall be deemed to have waived his right to a hearing and the Building Official's revocation or suspension order shall stand. (Emphasis added)

We think the 10-day notice requirement embodied in Section 18-5.4 was mandatory, and failure of appellants to comply therewith precluded the Board from exercising jurisdiction over the appeal. Although the appellants allege that the Board granted an extension of time within which to file their formal request for review, it is clear that this attempt on the

---

[5] Relying on our decision in Waianae Model Neighborhood Area Ass'n v. City and County of Honolulu, 55 Haw. 40, 514 P.2d 861 (1973), appellants argue that the grant of extension of time to file the written request to review action of the Building Department was "totally proper." We believe that appellants' reliance on that decision is misplaced. First of all, the time limitation involved in Waianae Model Neighborhood Area Ass'n, *supra*, was not jurisdictional in nature. Secondly, a reasonable construction of the ordinance involved therein would, arguably, have implied an authority on the part of the planning department to grant an extension of time. Here, the clear and unambiguous language of the ordinance in question — Section 18-5.4, *infra* — cannot be reasonably construed to confer discretionary power upon the Building Board of Appeals to enlarge the time within which to file a request for review.

part of the Board to waive the time requirement was without effect. *See Iowa Civil Rights Commission v. Massey-Ferguson, Inc.*, 207 N.W. 2d 5 (Iowa 1972); *cf. The Hawaii Corporation v. Kim*, 53 Haw. 659, 500 P.2d 1165 (1972) (statutory time limitation pertaining to filing written notice of intention to bid could not be waived by state comptroller where language plain and unambiguous).

In *Iowa Civil Rights Commission v. Massey-Ferguson, Inc.*, *supra*, appellant-employee had filed a complaint with the Iowa Civil Rights Commission alleging that his employer had engaged in discriminatory practices culminating in appellant's discharge. On appeal from the Commission's order to reinstate appellant-employee, the district court granted summary judgment in favor of the employer. The Supreme Court of Iowa affirmed on the ground that appellant-employee's complaint to the Commission was untimely filed. In reaching its decision, the court stated:

> The decision we reach here is not without precedent. The time in which an administrative proceeding may be brought is often regulated by the statute providing for such proceeding, and a failure to comply with such statute may bar the administrative proceeding and any judicial proceeding which depends thereon. Marshall v. Pletz, 317 U.S. 383, 63 S.Ct. 284, 87 L.Ed. 348 (1943); 2 Am. Jur. 2d, Administrative Law § 321, p. 146. An administrative agency may not enlarge its powers by waiving a time requirement which is jurisdictional or a prerequisite to the action taken. United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405 (1938); 2 Am. Jur. 2d, Administrative Law § 323, at p. 147.

207 N.W. 2d at 9-10.

Having found that the Board lacked jurisdiction to consider reinstatement of appellants' permits, its proceedings and decision must be rendered void and legally ineffective. *See generally* 3 RATHKOPH, THE LAW OF ZONING § 65-2 (4th ed. 1978). Furthermore, we believe that the appeal to the circuit court was improper and should have been dismissed.

An appeal from a decision of an administrative board which acts without jurisdiction confers no jurisdiction on the appellate court. *Nesbit v. City of Albuquerque*, 91 N.M. 455, 575 P.2d 1340, 1343-44 (1977). We have held that this type of jurisdictional defect can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion. *See Naki v. Hawaiian Electric Co., Ltd.*, 50 Haw. 85, 86, 431 P.2d 943, 944 (1967).

The revocation of appellants' permits by the Building Department must stand.

Vacated and dismissed.

*Gilbert D. Butson (Anthony, Hoddick, Reinwald & O'Connor* of counsel) for defendants-appellants.

*Edward Cooper Brown (Paul G. McCarthy* with him on the brief) for plaintiffs-appellees.