SWIRE PROPERTIES (HAWAII), LTD., Appellant–Appellant, v. ZONING BOARD OF APPEALS OF THE CITY AND COUNTY OF HONOLULU, JACK A.S.L. CHING, VINA CHING, LEONARD SCHNEIDER, DARLENE MARIE SCHNEIDER, ROBERT MERRILL SCOTT, JR., WAYNE S. ISHIZAKI and PHYLLIS L. ISHIZAKI, Appellees–Appellees (CIV. NO. 90–1212)

and

DONALD A. CLEGG, Director of the Department of Land Utilization, City and County of Honolulu, Appellant–Appellant, v. ZONING BOARD OF APPEALS OF THE CITY AND COUNTY OF HONOLULU, JACK A.S.L. CHING, VINA CHING, LEONARD SCHNEIDER, DARLENE MARIE SCHNEIDER, ROBERT MERRILL SCOTT, JR., WAYNE S. ISHIZAKI and PHYLLIS L. ISHIZAKI, Appellees–Appellees (CIV. NO. 90–1269)

NO. 15158

2

FEBRUARY 27, 1992

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

This is an appeal of a First Circuit Court decision which affirmed the decision of the Zoning Board of Appeals (ZBA). The ZBA held in favor of the petitioning homeowners (appellees)

because appellant Swire Properties[1] violated Revised Ordinance of Honolulu (ROH) No. 4421 (1975). We hold that the Zoning Board of Appeals had no jurisdiction to entertain the appeal and the decision of the circuit court is therefore reversed.

## I.

This dispute arises out of a view protection clause within ROH No. 4421, enacted in 1975 which authorized a planned development housing project to be built in Kaneohe, Oahu, Hawaii. In 1975, when the ordinance was being considered, certain residents on Huanani Place were concerned that the proposed development would interfere with their existing views. As a result of discussions and hearings involving the developer and the residents, the final language of the ordinance contained the following provision, "the makai views of the existing residences above the site will in no way be obstructed due to the project." ROH No. 4421, § II, part 6. Only one of the appellees to this appeal has a home that was in existence at the time ROH No. 4421 was enacted.[2] The ordinance also provided, in section 8, that the Director of Land Utilization had supervisory power over the project and had flexibility to allow modifications to the proposed development. That section also provided that "major modifications . . . shall be subject to approval by the City Council." The ordinance enabled Swire[3] to develop a

---

[1] By order issued on January 17, 1992, the appeal by Donald A. Clegg was dismissed because of a determination that he lacked standing to appeal to the circuit court.

[2] The Chings constructed their home in 1986. The Schneiders purchased the property in 1981 with an existing house which had no view over the project. They built a new home in 1985 which was situated higher on the ridgeline. The Ishizakis' land remains vacant. The Scotts purchased their home in 1989; it was the only one in existence at the time of the 1975 ordinance. The prior homeowner supplied an affidavit that the home did not have a rear makai view.

[3] The initial developer was The McCormack Land Company, Ltd.

planned development housing project that is now known as Poha‘ Kea Point Condominium Project.

The project was developed in four separate phases, all of which have now been completed. The project rests at the base of several ridges. Phase IV, the subject of this appeal, does not affect the views of Huanani Place residences, however it allegedly affects the views of these four appellees along a ridge adjacent to the development. Height changes, in variation with the 1975 ordinance, were approved by the Director of the Department of Land Utilization (DLU) for Phase III and Phase IV.

In 1986 Swire Properties sought and received approval from the DLU for the building height plans for Phase IV. Swire was notified by the Director of the DLU of the approval by letter. Notably, the City Council also received notification, as did one of the homeowners who apparently represented the "Lilipuna View Owners" and was concerned about the view and involved in this appeal. The record reveals that in 1986 the appellees actively challenged the construction of Phase IV, and knew that Phase IV, like Phase III, would be taller than the 1975 ordinance originally provided.

In 1986, when making a determination whether the height plans should be approved, the Director of the DLU went to appellees' property and took photographs of the view from their lots. The appellees advanced the position to the Director of the DLU and to the City Council that their views should be protected and would be affected by the proposed height of Phase IV. The Director decided that their homes were either not in existence at the time of the 1975 ordinance, and therefore enjoyed no protection from the view restriction, and/or had no view over the project at the present time. In arriving at this decision, he considered that the homes in question were situated so that the front of their homes faced Kaneohe Bay from another angle, and that the project was to the rear of their homes. He noted that the land above the project,

between the project and the appellees' land, was densely forested and that it was his opinion that the subject lots enjoyed no makai view from the back of their homes. Based on the approval given by the DLU, Swire Properties prepared to build Phase IV.

From December 8, 1988 through July 15, 1989, Swire Properties applied to the Building Department and received four building permits to complete Phase IV. Each building permit contains a place where various City and County Departments, including the DLU, "initial" or "check off" that the project is in conformance with applicable ordinances and statutes. The four neighboring property owners appealed this so–called "approval" of the DLU to the Zoning Board of Appeals on July 6, 1989.

## II.

Section 6–909 of the Revised Charter of the City and County of Honolulu 1973 as amended (RCH) is the only law which grants the ZBA authority to hear appeals from decisions of administrative officials. The language quoted below limits that review to zoning and subdivision matters only.

The Zoning Board of Appeals shall:

> (a) Hear and determine appeals from the actions of the director of land utilization in the administration of the zoning and subdivision ordinances and any rules and regulations adopted pursuant thereto. An appeal shall be sustained only if the board finds that the director's action was based on an erroneous finding of a material fact, or that the director had acted in an arbitrary or capricious manner or had manifestly abused discretion.

Section 6–909, Revised Charter of the City and County of Honolulu 1973. Rule 1.2 of the Rules Relating to Administrative Procedure, Zoning Board of Appeals, City and County of Honolulu, defines an "action of the Director" as a

decision rendered on an application pursuant to the Land Use Ordinance or Subdivision Rules and Regulations; a decision rendered on a petition for declaratory ruling; and an enforcement order pursuant to the Land Use Ordinance Section 8.60–2.

Rule 1.2. The deadline for filing an appeal to the ZBA is provided in Rule 3.2 as follows:

> (a)   A written petition appealing an action of the Director must be received at the Department of Land Utilization within 30 days of the date of mailing or personal service of the Director's written decision . . . .

Rule 3.2(a).[4]

The ZBA issued findings of fact and conclusions of law which stated:

> The Board finds that while the issuance of building permits is a ministerial act for the Building Department of the City and County, the underlying approval and basis for said approval by the DLU is not. The action of the DLU in the instant case was in the administration of the

---

[4] We are aware that this section provides for a thirty day deadline following written notice. Only the applicant for an action gets written notice, generally, and that was Swire Properties. However, one appellee did receive a letter from the DLU, dated September 18, 1986, which specifically stated "[t]he proposed building heights for Phase IV have been reviewed and determined to be acceptable pursuant to PDH Ordinance No. 4421 approved March 3, 1975." ZBA Record at 841. In addition, appellees had the option of asking the Director of the DLU for a Declaratory Ruling under the Rules Relating To Administrative Practice and Procedure for the Department of Land Utilization. However, we caution future litigants that, "[s]ince proceedings for declaratory relief have much in common with equitable proceedings, the equitable doctrine of laches has been applied in such proceedings." 22A AM. JUR. 2D *Declaratory Judgments* § 185 (1988) (footnotes omitted). *See also Small v. Badenhop*, 67 Haw. 626, 701 P.2d 647 (1985) (equity aids the vigilant).

zoning and subdivision ordinances and hence appealable
by aggrieved parties to this Board.

ZBA Conclusion of Law No. 1. We believe that the underlying approval of which these parties complain occurred in 1986 when the DLU issued a letter of approval for the height plans to Swire Properties. We find that the "check off" by agency personnel on an application for a building permit made to the Building Department is not a "decision rendered on an application pursuant to the Land Use Ordinance or Subdivision Rules and Regulations" or "a decision rendered on a petition for declaratory ruling," or "an enforcement order pursuant to the Land Use Ordinance Section 8.60–2." *See* Rules Relating to Administrative Procedure, Zoning Board of Appeals, City and County of Honolulu, Rule 1.2.

Swire Properties made no application to the DLU when it applied to the Building Department for the building permits. The ZBA, in reality, reviewed the Director's decision of 1986 to approve the height of Phase IV, and we find that this impermissibly broadened the scope of their jurisdiction. The "check off" and "initialling" in the small box on the building permit by various city departments does not constitute an "action" of an agency director. In *Life of the Land, Inc. v. City Council*, 61 Haw. 390, 454, 606 P.2d 866, 903 (1980), we characterized the function of the Building Department in its issuance of a building permit as "purely ministerial." In this case, the check marks by the various agencies were ministerial insofar as they represented no action on their part but only an acknowledgement that the permit was in compliance with applicable statutes, ordinances, rules and regulations. We do not think that the Director of the DLU took "action" with that ministerial function.

The City Charter could have expressly granted the power to the ZBA to hear and decide appeals from building code and permit decisions, or at least from activities of the DLU beyond those relating solely to zoning and subdivisions. However, the City Charter

is not sufficiently broad to grant the ZBA authority to hear and determine building permit matters on appeal. There was no recent "action of the Director" over which the ZBA could assert jurisdiction. The ZBA instead attempted to engraft onto the charter the words "underlying approval" as the equivalent of "action of the director" in an effort to regain jurisdiction over the 1986 action by the Director of the DLU.

·Although we acknowledge that appellees, or any aggrieved person, could have filed an appeal from the action of the DLU approving the height plans, such appeal must be timely filed.

### III.

We hold that the ZBA lacked jurisdiction over the appeal of the appellees and that the original decision of the Director "must stand." *See Association of Apartment Owners of the Governor Cleghorn v. M.F.D., Inc.*, 60 Haw. 65, 587 P.2d 301 (1978). Reversed.

*David Callies* (*James A. Stubenberg, Jonathan S. Durett, Lorrie Lee Stone* and *Frederick W. Rohlfing, III*, with him on the briefs) for appellant Swire Properties (Hawaii), Ltd.

*Donna Woo*, Deputy Corporation Counsel, for appellee Zoning Board of Appeals.

*Harry Yee* (*William Honda* and *Morris M. Atta* with him on the briefs) for appellees Jack A.S.L. Ching, Vina Ching, Leonard Schneider, Darlene Marie Schneider, and Robert Merrill Scott, Jr.

*Daniel F. S. Lee* (joined in Answering Brief of Zoning Board of Appeals, et al.) attorney of record for appellees Wayne S. Ishizaki and Phyllis L. Ishizaki.