103 P.3d 406

**Raymond T. TANAKA, Appellant–Appellant,**

v.

**DEPARTMENT OF HAWAIIAN HOME LANDS, Appellee–Appellee.**

**No. 25526.**

Intermediate Court of Appeals of Hawai'i.

Dec. 3, 2004.

As Amended Dec. 10, 2004.

Hayden Aluli, Honolulu, on the briefs, for Appellant-Appellant.

Clayton Lee Crowell, Deputy Attorney General, State of Hawai'i, on the briefs, for Appellee-Appellee.

WATANABE, Acting C.J., NAKAMURA, and FUJISE, JJ.

1. The Honorable Eden Elizabeth Hifo presided.

2. Appellant–Appellant Raymond T. Tanaka's ("Tanaka") Hawaiian Homes Commission Residence Lot Lease, No. 2477, signed by him on December 30, 1970, provided, in relevant part, as follows:

The terms, covenants and conditions upon which this lease is issued are as follows:

. . . .

4. The Homesteader will, at his own expense, at all times, well and substantially repair, maintain, amend and keep all buildings and improvements now or hereafter erected or

Opinion of the Court by FUJISE, J.

This secondary agency appeal arises from the cancellation by the Hawaiian Homes Commission (the "Commission") of Lease No. 2477 of Residence Lot No. 38 in Waimanālo, O'ahu ("Lot 38") to Appellant–Appellant Raymond T. Tanaka ("Tanaka"). Tanaka appeals from the "Judgment in a Civil Case" and contests the "Findings of Fact, Conclusions of Law and Order Affirming Hawaiian Homes Commission's Decision and Order to Deny Request for Reconsideration, Dated November 30, 2001," entered by the first circuit court [1] on November 7, 2002. We vacate the circuit court's judgment and remand with instructions that the circuit court enter an order dismissing Tanaka's appeal.

**I.**

In October 1996, after investigating complaints about drug activity at Tanaka's residence, the Honolulu Police Department executed a search warrant and found crystal methamphetamine, marijuana, and drug paraphernalia in Tanaka's residence. Tanaka and his wife were convicted of drug use and possession in March 1998.

On June 1, 1998, a contested case hearing was held before a hearing officer of Appellee–Appellee Department of Hawaiian Home Lands ("DHHL"). After presentations of evidence by Tanaka and DHHL, the hearing officer found, by a preponderance of the evidence, that Tanaka and his wife had engaged in criminal activity on Lot 38, that such criminal activity resulted in their criminal convictions, and that the drug activity and said convictions violated the terms of Tanaka's lease with DHHL,[2] as well as section 208

constructed on the demised premises with all necessary reparations and amendments whatsoever; and will keep the demised premises and all improvements thereon in a strictly clean, sanitary and orderly condition; *and will observe, perform and comply with all laws, ordinances, rules and regulations of the health or other governmental authorities, including the rules and regulations of the Commission, applicable to the use and occupation of said demised premises as may from time to time be issued, enacted or promulgated;* and will allow the Commission and its agents at all reasonable times free access to the demised premises for

of the Hawaiian Homes Commission Act ("HHCA").[3] On June 1, 1998, the hearing officer issued "Findings of Fact, Conclusions of Law and Recommended Order," recommending that the Commission adopt his findings of fact and conclusions of law and issue an order canceling Tanaka's lease and forfeiting all improvements to Lot 38, as authorized by HHCA § 210[4] (the "Recommended Order").

DHHL then notified Tanaka that the Commission would convene on June 23, 1998 to consider the Recommended Order and to allow Tanaka an opportunity to present any arguments on his behalf regarding the order. On June 23, 1998, with Tanaka present, the Commission heard the matter and on August 12, 1998, the Commission issued its Findings of Fact, Conclusions of Law, Decision and Order which adopted and incorporated by reference the hearing officer's Recommended Order (the "August 1998 Order"). The Commission's August 1998 Order also notified Tanaka that he had ten days from the date of service of the August 1998 Order to request reconsideration by the Commission and thirty days to institute proceedings for judicial review in the circuit court. The Commission also ordered that its decision "shall take effect immediately" and that Tanaka, and anyone claiming under Tanaka, "shall surrender and vacate the property covered under the

Lease within sixty (60) calendar days after the mailing date of the Notice of Cancellation and Order to Vacate."

On December 31, 1998, after considering a timely request for reconsideration by Tanaka's mother, the Commission issued its Final Findings of Fact, Conclusions of Law, Decision and Order affirming the August 1998 Order (the "December 1998 Final Order"). That same day, the Commission mailed Tanaka a letter, enclosing a certified copy of the December 1998 Final Order and again advised him of the thirty-day period in which he had to request judicial review. Tanaka, however, did not request judicial review within thirty days.

Meanwhile, Tanaka was sentenced and began serving his term in prison in July 1998. In November 1999, this court vacated his conviction based on erroneous jury instructions and remanded the matter for a new trial. *State v. Tanaka*, 92 Hawai'i 675, 994 P.2d 607 (App.1999). On May 5, 2000—sixteen months after the expiration of his deadline to seek judicial review of the December 1998 Final Order—Tanaka wrote a letter to the Commission asking it to "review [his] case" and for "[r]e-instatement of [l]ease" based on this fact.

In June 2000, the Commission held a meeting regarding Tanaka's "Request for Recon-

the purpose of examining the same and determining whether the covenants herein and elsewhere in this lease contained are being fully observed and performed.
(Emphasis added.)

3. The Hawaiian Homes Commission Act, 1920 ("HHCA") § 208, *as reprinted in volume 1*, Hawaii Revised Statutes (HRS) (1993 & Supp.2003) provides, in relevant part:

§ 208. **Conditions of leases.** Each lease made under the authority granted the department by section 207 of this Act, and the tract in respect to which the lease is made, shall be deemed subject to the following conditions, whether or not stipulated in the lease:

. . . .

(8) *The lessee shall perform such other conditions,* not in conflict with any provision of this Act, *as the department may stipulate in the lease;* provided that an original lessee shall be exempt from all taxes for the first seven years after commencement of the term of the lease.
(Emphasis added.)

4. HHCA § 210 (Supp.2003) provides, in relevant part:

§ 210. **Cancellation of leases.** Whenever the department has reason to believe that any condition enumerated in section 208, or any provision of section 209, of this title has been violated, the department shall give due notice and afford opportunity for a hearing to the lessee of the tract in respect to which the alleged violation relates or to the successor of the lessee's interest therein, as the case demands. *If upon such hearing the department finds that the lessee or the lessee's successor has violated any condition in respect to the leasing of such tract, the department may declare the lessee's interest in the tract and all improvements thereon to be forfeited and the lease in respect thereto canceled, and shall thereupon order the tract to be vacated within a reasonable time.* The right to the use and occupancy of the Hawaiian home lands contained in such tract shall thereupon revest in the department and the department may take possession of the tract and the improvements thereon.
(Emphasis added.)

sideration for Reinstatement of Lease," at which Tanaka and his wife were present. The Commissioners decided to "defer action [on the request] until the end of the second [criminal] trial," but the Chairman also "informed Mr. and Mrs. Tanaka that the Commission is not reconsidering its decision to cancel the lease."

Approximately five weeks later, the circuit court judge in Tanaka's remanded criminal case granted the prosecutor's Motion for Nolle Prosequi Without Prejudice and on August 15, 2001, Tanaka's counsel "request[ed] the reinstatement" of Tanaka's lease by letter to the Commission. Tanaka and his wife appeared at a proceeding convened on November 19, 2001 by the Commission to "consider the request for reconsideration of [Tanaka's] cancelled lease" (the "November 2001 Reconsideration Request Proceeding"). Tanaka's counsel asserted that the Commission should reinstate Tanaka's lease because Tanaka's conviction was overturned.

After hearing from both parties, the Commission stated: "We are denying your request for reconsideration. Cancellation stands. We will contact you about moving out...." The Commission subsequently issued a Decision and Order to Deny Request for Reconsideration on November 30, 2001 (the "November 2001 Order Denying Reconsideration Request") and asked Tanaka to vacate the premises by January 14, 2002.

On December 31, 2001, Tanaka appealed the November 2001 Order Denying Reconsideration Request to the first circuit court. On November 7, 2002, the circuit court entered 1) Findings of Fact, Conclusions of Law and Order Affirming [the Commission's November 2001 Order Denying Reconsideration Request]" and 2) "Judgment in a Civil Case," in favor of DHHL and against Tanaka (the "Circuit Court Judgment").

Tanaka filed his notice of appeal from the Circuit Court Judgment on December 9, 2002, which appeal we[5] now consider.

**5.** This case was assigned to this court on October

## II.

While Tanaka raises a number of issues on appeal, we do not reach them as his failure to appeal from the Commission's December 1998 Final Order left the Commission without jurisdiction to act on Tanaka's 2000 and 2001 requests for reconsideration. Moreover, the Commission had no jurisdiction to hold the November 2001 Reconsideration Request Proceeding because it was not a separate "contested case hearing" under Hawaii Revised Statutes (HRS) § 91–14(a). We thus vacate the Circuit Court Judgment and remand for an order dismissing the appeal in the circuit court.

A. *The Commission's Jurisdiction to Reconsider the December 31, 1998 Final Decision and Order Ended Thirty Days After Service of the December 31, 1998 Final Decision and Order Since Tanaka Failed to File an Appeal.*

The question of whether a court has jurisdiction to consider a matter is reviewed applying the right/wrong standard. *State v. Lorenzo,* 77 Hawai'i 219, 220, 883 P.2d 641, 642 (App.1994). A party's failure to timely request an agency review hearing not only bars the agency from considering that request, but also precludes the circuit court from considering an appeal of the administrative decision. *Association of Apt. Owners of the Governor Cleghorn v. M.F.D., Inc.,* 60 Haw. 65, 68–70, 587 P.2d 301, 304 (1978). The agency may not enlarge its powers by waiving or extending mandatory time limits. *Id., quoting with approval Iowa Civil Rights Comm'n v. Massey–Ferguson, Inc.,* 207 N.W.2d 5, 9–10 (Iowa 1973). Similarly, the right to appeal from an administrative agency's decision is governed by the Hawaii Administrative Procedures Act (the "HAPA") and strict compliance with those provisions is required. *Korean Buddhist Dae Won Sa Temple of Hawaii, Inc. v. Zoning Bd. of Appeals,* 9 Haw.App. 298, 302–03, 837 P.2d 311, 313, *cert. granted,* 73 Haw. 626, 834 P.2d 1315, *cert. dismissed,* 74 Haw. 651, 843 P.2d 144 (1992), *overruled on other grounds, Rivera v. Department of Labor and Indus. Re-*

3, 2003.

*lations*, 100 Hawai'i 348, 60 P.3d 298 (2002) (application of Hawai'i Rules of Civil Procedure Rule 6). The time limit for the taking of an appeal established by statute is mandatory and if not complied with, the appeal must be dismissed. *Korean Buddhist Dae Won Sa Temple of Hawaii, Inc.* at 303, 837 P.2d at 313–14.

Here, the hearing officer held a contested case hearing and recommended cancellation of Tanaka's lease. The Commission then adopted the recommendation through its August 1998 Order. Tanaka was told of, and timely exercised, his option[6] to request reconsideration of the August 1998 Order. The Commission considered this first motion for reconsideration and denied the same when it entered the December 1998 Final Order. Tanaka had thirty days from the receipt of that order to file an appeal to the circuit court.[7]

Tanaka did not appeal within this time limit but waited until May 2000, when he sought "review" or "reinstatement" of his lease, followed in August 2001 by his counsel's letter asking for reinstatement. The HAPA does not provide for any reconsideration by a board or commission, but even if the Hawaii Administrative Rules (the "HAR") could be construed to allow a second motion for reconsideration, the time for that motion lapsed, at best, ten days after Tanaka received service of the December 1998 Final Order.[8] HAR § 10–5–42 (1998). Thus, pursuant to the provisions of the HAPA and the HAR, if Tanaka wished a review of the Commission's December 1998 Final Order, his only option was to note his appeal to the circuit court within thirty days of receiving service of the December 1998 Final Order. Having failed to do so, the Commission lost the authority to take any further action regarding its cancellation of Tanaka's lease inasmuch as the HAPA and the HAR do not provide for any extension of time to appeal, nor any vehicle for collateral attack of the December 1998 Final Order. Tanaka's re-

---

6. Hawaii Administrative Rules (HAR) § 10–5–42 (1998) provides, in relevant part:

> (d) The commission may entertain a written petition to reconsider or re-hear its final order, decision or ruling. The petition shall be determined with reasonable expedition so that the aggrieved party may have timely opportunity to appeal. Denial of such petition shall be in writing with the reasons stated therefor.
> (e) Petition to reconsider or re-hear any final order, decision or ruling of the commission shall be filed not later than ten days after a person is served with a certified copy of the final decision and order of the commission.

7. Hawaii Revised Statutes (HRS) § 91–14 (1993), entitled "Judicial review of contested cases," provides, in pertinent part:

> (a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law. Notwithstanding any other provision of this chapter to the contrary, for the purposes of this section, the term "person aggrieved" shall include an agency that is a party to a contested case proceeding before that agency or another agency.

> (b) Except as otherwise provided herein, proceedings for review shall be instituted in the circuit court within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency pursuant to rule of court except where a statute provides for a direct appeal to the supreme court, which appeal shall be subject to chapter 602, and in such cases the appeal shall be in like manner as an appeal from the circuit court to the supreme court, including payment of the fee prescribed by section 607–5 for filing the notice of appeal (except in cases appealed under sections 11–51 and 40–91). The court in its discretion may permit other interested persons to intervene.

See also, HAR § 10–5–43 (1998), which provides, in relevant part:
> § 10–5–43. Court Appeal. Any appeal to court for judicial review of a final decision of the commission must be made within thirty days after a person is served with a certified copy of the final decision and order of the commission.

8. Tanaka argues on appeal that the Hawaiian Homes Commission (the "Commission") had jurisdiction to consider his request for reinstatement because "substantially changed circumstances existed," *i.e.*, the dismissal of his criminal charges. However, Tanaka offers no authority to support this position and, as we have pointed out, there appears to be no authority for such late review.

quests, in May 2000 and August 2001, for "review" and "reinstatement" of his lease, were simply not requests the Commission could act upon.[9]

Considering a similar situation, the Hawai'i Supreme Court concluded,

> Having found that the Board lacked jurisdiction to consider reinstatement of appellants' permits, its proceedings and decision must be rendered void and legally ineffective. Furthermore, we believe that the appeal to the circuit court was improper and should have been dismissed. An appeal from a decision of an administrative board which acts without jurisdiction confers no jurisdiction on the appellate court. We have held that this type of jurisdictional defect can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion.

*Association of Apt. Owners of the Governor Cleghorn,* 60 Haw. at 69–70, 587 P.2d at 304 (internal citations omitted). The Commission had no authority to consider Tanaka's untimely letter requests for reconsideration. Consequently, those proceedings were "legally ineffective" and could not have served as a basis for circuit court review.[10]

## B. *Tanaka's Requests Did Not Constitute a New Contested Case.*

█ Tanaka argues on appeal that his requests for reinstatement of his lease and the subsequent hearing thereon constituted a new contested case. If this were so, his subsequent timely appeals to the circuit and this court would have been in compliance with the corresponding rules and statutes and, consequently, would have conferred jurisdiction on both courts. However, Tanaka's requests for reinstatement did not constitute a new contested case and, as a result, could not be appealed to either court.

█ It is true that it is the substance of the pleading that controls, not its nomenclature. *Anderson v. Oceanic Properties, Inc.,* 3 Haw.App. 350, 355, 650 P.2d 612, 617 (1982). But the very substance of Tanaka's requests supports our conclusion that they did not constitute a new contested case. The crux of Tanaka's requests was that the Commission should reconsider its decision to cancel his lease based on new evidence, namely, that Tanaka's convictions had been overturned and thus, no basis existed to cancel the lease. These requests involved the same lease and the same grounds—his illicit drug activity. There is no legitimate ground upon

9. The Commission's actions regarding Tanaka's 2000 and 2001 requests were inconsistent and in any event prolonged a process that had, long before then, been concluded as a legal matter. Although the Commission initially communicated that it was not reconsidering its decision to cancel Tanaka's lease, it simultaneously "deferred action" on Tanaka's requests until after completion of the retrial on his criminal charges. When these charges were, instead, dismissed without prejudice, the Commission informed Tanaka it would convene to "consider the request for reconsideration of [his] cancelled lease" and after doing so, denied his "request for reconsideration," asking him to vacate the premises no later than six weeks later. When Tanaka's counsel raised the implications of this deferment at the November 2001 Reconsideration Request Proceeding, the Chairman responded that "I'm the one who has to write the eviction and I'm the one who sends the staff out to evict.... What you should assume is that I didn't have enough information to act on an eviction at that point." Commissioner Agpalsa added,

> The valid lesson I learned here today is to stick to the rules. And, it's a sad day for me because I act a lot on my heart and compassion.

> And, if we allowed, [ ] the wife and child to live in that house, that was for that purpose, so they wouldn't be on the streets. That's what I recall. You know, it was to, to help them. And if we're being held to task for being compassionate it's a very, very sad day for me.

However, no matter how compassionate the motive, consistent treatment of Tanaka's lease would have avoided the protracted nature of these proceedings and served the interests of other eligible lessees. There being no authority for entertaining Tanaka's belated reconsideration requests, the Commission should have summarily disposed of these letters.

10. The Department of Hawaiian Home Lands' ("DHHL") May 16, 2002 motion to dismiss for subject matter jurisdiction was denied by the circuit court by order filed July 9, 2002. Unfortunately, the order gives no explanation for the action and the transcript of that proceeding has not been included in the record. Consequently, we do not know the circuit court's thinking regarding either the untimeliness of Tanaka's 2000 and 2001 review requests or the DHHL's argument that the November 2001 Reconsideration Request Proceeding was not a "contested case," discussed *infra.*

which to base a conclusion that these requests constituted a new case.[11]

## III.

We thus vacate the "Judgment in a Civil Case" and remand to the circuit court for an order dismissing the appeal.

**11.** The following factors also support this conclusion: 1) The November 2001 Reconsideration Request Proceeding had the same docket number, No. 98–718, as the August 1998 Order and the December 1998 Final Order; 2) the Commission apparently understood it to be a reconsideration request based on its November 5, 2000 letter informing Tanaka that it would hold a proceeding on November 19, 2000, calling it a "request for reconsideration" and when it stated at the end of the proceeding that it was denying his "request for reconsideration," to which Tanaka did not object; likewise, the November 30, 2000 order is titled "Order to Deny Request for Reconsideration;" and, most significantly 3) Tanaka's counsel admitted that the November 2001 Reconsideration Request Proceeding was about a reconsideration request rather than a separate and independent proceeding, asking the Commission to "reconsider" the lease cancellation, stating that if the Commission "is not prepared to [reinstate] at this time, I request a contested case hearing," and stating further that "I've been informed that asking for reconsideration after a deadline in the administrative process is nothing new."