LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

NO. 30492

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

In the Matter of ALOHA ISLAND ENTERPRISES LLC,
    Notice of Failure to Comply with Hawaii Revised
    Statutes and Commission's Regulations; Order to
    Show Cause Why Respondent's Operating Authority
    Should Not Be Suspended or Revoked

APPEAL FROM THE PUBLIC UTILITIES COMMISSION
(DOCKET NO. 2009-0198)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not

have jurisdiction over Appellant Aloha Island Enterprises, LLC's

(Appellant Aloha Island Enterprises), appeal from the following

two orders that Appellee State of Hawaiʻi Public Utilities

Commission's (Appellee PUC)[1] entered:

(1)     a February 11, 2010 order revoking Appellant Aloha
        Island Enterprises' certificate of public convenience
        and necessity (the February 11, 2010 revocation
        order), and

(2)     an April 8, 2010 order dismissing Appellant Aloha
        Island Enterprises' February 24, 2010 motion for
        reconsideration of the February 11, 2010 revocation
        order and denying Appellant Aloha Island Enterprises'
        February 24, 2010 motion to enlarge the time period
        for filing a notice of appeal.

As explained below, Appellant Aloha Island Enterprises did not

perfect its right to appeal pursuant to Hawaiʻi Revised Statutes

(HRS) § 271-32 (2007) and HRS § 271-33 (2007).

Administrative appeals commence in a circuit court

"[e]xcept as otherwise provided[.]" HRS § 91-14(b) (1993 & Supp.

---

[1]     In this matter, the Appellee Hawaiʻi Public Utilities Commission
is comprised of Chairman Carlito P. Caliboso, Commissioner John E. Cole, and
Commissioner Leslie H. Kondo.

2009). With respect to appeals from Appellee PUC's orders, the Hawaiʻi legislature has provided otherwise:

> HRS Chapter 271, the Motor Carrier Law, regulates the commercial transportation of people and property. The PUC administers HRS Chapter 271; HRS Chapter 269 governs the PUC and also applies to the administration of HRS Chapter 271 where not inconsistent. HRS § 271-2 (1993).
>
> Within HRS Chapter 271, there are two relevant statutory provisions governing appeals: HRS § 271-32(e) (1993) and HRS § 271-33 (1993).

In re Robert's Tours & Transportation, Inc., 104 Hawaiʻi 98, 102, 85 P.3d 623, 627 (2004). "[B]oth HRS §§ 271-32(e) and -33 allow a party to appeal from a final PUC order, provided that the party has filed (and the PUC has denied) a motion for reconsideration of the PUC's order[.]" Id. at 104, 85 P.3d at 629. HRS § 271-32(e) provides:

> (e) An appeal shall lie, subject to chapter 602, from every order made by the commission that is final, or if preliminary, is of the nature defined by section 91-14(a), in the manner provided for civil appeals from the circuit court; provided the order is made after reconsideration or rehearing or is the subject of a motion for reconsideration or rehearing, which the commission has denied. An appeal shall lie, subject to chapter 602, in the manner provided for civil appeals from the circuit courts, only by a person aggrieved in the contested case hearing provided for in this section.

HRS § 271-32(e) (emphases added). Furthermore, HRS § 271-32(b) provides a ten-day time limit for filing the mandatory motion for reconsideration:

> (b) The motion for reconsideration or a rehearing shall be filed within ten days after the decision and order has been served and shall set forth specifically the ground or grounds on which the applicant considers the decision or order to be unlawful. No person shall in any court urge or rely on any ground not so set forth in the motion.
>
> HRS § 271-32(b) (emphasis added). HRS § 271-33 provides in relevant part:
>
> From the order made on an application for reconsideration or rehearing by the public utilities commission under this chapter, an appeal shall lie, subject to chapter 602, in the manner and within the time provided for civil appeals from the circuit courts and by the rule of court; provided the order is final, or if preliminary is of the nature defined by section 91-14(a).

HRS § 271-33 (emphases added). Therefore, "under HRS § 271-32(e) . . . and HRS § 271-33 . . . , the aggrieved party may appeal from a PUC order only after the party has moved for, and the PUC has denied, reconsideration of the order." In re Brandon, 113 Hawai'i 154, 156, 149 P.3d 806, 808 (App. 2006) (dismissing an appeal for lack of jurisdiction when an appellant failed to file, and obtain an adjudication of, a motion for reconsideration of a PUC order). Furthermore, because HRS § 271-32(b) provides that "[n]o person shall in any court urge or rely on any ground not so set forth in the motion [for reconsideration][,]" the Supreme Court of Hawai'i has recognized that "appellants cannot raise . . . errors on appeal to this court . . . [that] were not specifically set forth in their petition for reconsideration to the [Public Utilities] Commission as required by HRS § 271-32(b)." Application of Charley's Tour and Transp., 55 Haw. 463, 467, 522 P.2d 1272, 1276 (1974) (footnote omitted). Accordingly, a timely motion for reconsideration is necessary to both (a) perfect a party's right to assert an appeal from a PUC order and (b) formally raise the issues that the party wants an appellate court to review.

The timing of the mandatory motion for reconsideration is a jurisdictional issue. "The motion for reconsideration or a rehearing shall be filed within ten days after the decision and order has been served[.]" HRS § 271-32(b) (emphasis added); see also Hawai'i Administrative Rules (HAR) § 6-61-137 (2010) ("The motion shall be filed within ten days after the decision or order is served upon the party[.]"). Service of an order by Appellee

PUC upon an aggrieved party is effective on the date when "[t]he document is properly stamped, addressed, and mailed to the last known address of the party on file with the commission or to its attorney." HAR § 6-61-21(d)(3) (2010). Furthermore, when Appellee PUC serves an order by mail, "two days shall be added to the prescribed period." HAR § 6-61-21(e). In the instant case, Appellee PUC served the February 11, 2010 revocation order on Appellant Aloha Island Enterprises by mail on February 11, 2010. Therefore, the last day when Appellant Aloha Island Enterprises could file a motion for reconsideration was twelve days later, on Tuesday, February 23, 2010. HRS § 271-32(b); HAR § 6-61-21(e); HAR § 6-61-137. However, Appellant Aloha Island Enterprises filed its February 24, 2010 motion for reconsideration one day late, on Wednesday, February 24, 2010. Therefore, Appellant Aloha Island Enterprises' February 24, 2010 motion for reconsideration was untimely under HRS § 271-32(b), HAR § 6-61-21(e), and HAR § 6-61-137, and Appellee Aloha Island Enterprises failed to perfect its right to assert an appeal. Although Appellee Aloha Island Enterprises also moved Appellee PUC to enlarge the ten-day time limit for its motion for reconsideration pursuant to HAR § 6-6-23(a)(2) (2010), Appellee PUC denied the motion to enlarge time based on Appellee PUC's finding that Appellee Aloha Island Enterprises did not show "excusable neglect," as HAR § 6-6-23(a)(2) requires for enlargement of time. Furthermore, Appellee PUC "may not extend the time for taking any action on jurisdictional matters[.]" HAR § 6-6-23(a)(2). With respect to the jurisdictional issue of timeliness

in civil appeals, the Supreme Court of Hawaiʻi has consistently "held that this type of jurisdictional defect can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion." Ass'n of Apartment Owners of Governor Cleghorn v. M.F.D., Inc., 60 Haw. 65, 70, 587 P.2d 301, 304 (1978).

Based on the untimeliness of Appellee Aloha Island Enterprises's February 24, 2010 motion for reconsideration of the February 11, 2010 revocation order, neither the February 11, 2010 revocation order nor the April 8, 2010 order dismissing Appellant Aloha Island Enterprises' February 24, 2010 motion for reconsideration is an appealable order under HRS § 271-32(e) and HRS § 271-33. Absent an appealable order, we lack jurisdiction over Appeal No. 30492.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, September 3, 2010.

Presiding Judge

Associate Judge

Associate Judge