OPINION OF THE COURT
Condon A. Lyons, J.
On February 21, 1989, the 90th day after this personal injury claim accrued, a copy of the claim was received via fax by a paralegal in the office of the Attorney-General. A second copy of the claim was personally served on an Assistant Attorney-General the following day.
Defendant has moved, before answering, to dismiss the claim for lack of subject matter and personal jurisdiction.
Service of a claim by fax is not an authorized method of service (Court of Claims Act § 11) and service by means other *194 than prescribed by the statute is insufficient for the purpose of obtaining personal jurisdiction over defendant (Thomas v State of New York, 144 AD2d 882). Inasmuch as the defendant has properly objected to the method of service (CPLR 3211), any claim based upon it must be dismissed.
Although the claim served by fax is without effect, the claim was personally, and properly served the following day. Delivery by personal service, however, did not occur until the 91st day after the claim accrued and, therefore, was untimely (Court of Claims Act § 10) and deprives the court of subject matter jurisdiction at least with respect to the claim by Catherine Larry individually. The claim on behalf of Secil Marshall, an infant, however, is timely if, as the notice of claim indicates, he was an infant at the time the claim accrued (Court of Claims Act § 10 [5]) and should not be dismissed.
Upon the notice of motion (1), supporting affirmation (2) and upon the foregoing, and due deliberation having been had, it is, ordered, that the motion to dismiss be, and hereby is, granted with respect to the claim by Catherine Larry individually and is, in all other respects, denied.