In the Matter of the Tax Appeal of **LOWER MAPUNAPUNA TENANTS ASSOCIATION**, Appellant

NO. 15207

(Tax Appeal Case No. 2651)

MARCH 18, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Appellant, the Lower Mapunapuna Tenants Association (Mapunapuna), appeals from an order issued by the Tax Appeal Court denying its request to schedule hearings before the City and County of Honolulu's Real Property Tax Board of Review (Tax Board of Review) regarding the tax assessments of its real properties for the years 1984 through 1987. Mapunapuna argues that it was entitled to automatic appeals of the assessments on its lands for those years during which its first appeal was still pending, and therefore, its failure to file notices of appeal of the assessments in each of those years did not make those appeals untimely under Hawaii Revised Statutes (HRS) § 232–4. We disagree.

I.

Mapunapuna is composed of a group of commercial tenants in the Lower Mapunapuna Industrial Subdivision. In 1983, forty–three commercial tenants represented by Mapunapuna timely filed notices of appeal to the City and County of Honolulu's Real Property Assessment Division (Real Property Assessment Division) regarding their 1983 real property tax assessments. Specifically, these taxpayers asserted that their property was over–assessed because the assessment did not make allowance for the fact that the subdivision has "adverse soil conditions and is located in a flood zone resulting in substandard and sometimes hazardous

conditions." These appeals were not resolved until late December 1987 and 1988. The taxpayers did not file any notices of appeal of assessments that were made in at least one of those years, 1984 through 1987, during which their appeals of the 1983 real property tax assessments were pending.

Requests by these taxpayers for hearings before the Tax Review Board on their real property assessments for 1984 through 1987 were denied on the basis that the appeals were untimely under HRS § 232–4 and Revised Ordinances of Hawaii (ROH) § 8–12.4.

HRS § 232–4 states in relevant part:

§ 232–4 Second appeal. In every case in which a taxpayer appeals a real property tax assessment to a tax appeal court and there is pending an appeal of the assessment, the taxpayer shall *not be required to file a notice of the second appeal; provided the first appeal has not been decided prior to April 9 preceding the tax year of the second appeal; and* provided further the assessor gives notice that the *tax assessment has not been changed from the assessment which is the subject of the appeal.* (Emphasis added.)

ROH § 8–12.4 also states:

Sec. 8–12.4. Second Appeal.

In every case in which a taxpayer appeals a real property tax assessment to the Board of Review or to a Tax Appeal Court and there is pending an appeal of the assessment, the taxpayer shall *not be required to file a notice of the second appeal; provided the first appeal has not been decided prior to April 9 preceding the tax year of the second appeal; and* provided further the director gives notice that the *tax assessment has not been changed from the assessment which is the subject of the appeal.* (Emphasis added.)

On January 23, 1989, the taxpayers filed a notice of appeal to the Tax Appeal Court requesting hearings before the Tax Review Board on the real property tax assessments for 1984 through 1987. The taxpayers moved for summary judgment arguing that the language of HRS § 232–4 and ROH § 8–12.4 allowed them to automatic appeals for those years in which no notices had been filed. The City and County of Honolulu filed a motion to dismiss/cross-motion for summary judgment. Finding the taxpayers' requests were untimely, the Tax Appeal Court granted the City and County of Honolulu's motion and denied the taxpayer's motion for summary judgment.

## II.

The taxpayers contend that their appeals were timely based specifically on their interpretation of the words "second," "assessment," and "change" in HRS § 232–4.

Noting that the statute allows an automatic "second" appeal under certain circumstances, the taxpayers argue that "second" appeal actually means or includes all "other" appeals following the first one. Under this interpretation, taxpayers would be excused from filing any notices of appeal during the time the first appeal is pending if it has been pending for more than a year and the other requirements of HRS § 232–4 have been fulfilled.[1]

This construction is clearly contrary to the plain language of the statute which specifically uses the word "second" to modify the word "appeal." In construing tax statutes, courts will presume that the words in a statute were used to express their meaning in common language. *See Wilcox Estate v. Director of Taxation*, 46 Haw. 375, 399, 381 P.2d 687, 701, *reh'g denied*, 46 Haw. 474 (1963). The word "second" is commonly understood to mean that

---

[1] Discussion of these other requirements of HRS § 232–4 follows, *infra*.

which follows the first. *See* WEBSTER'S THIRD NEW INTERNA-
TIONAL DICTIONARY 2050 (3d ed. 1967).[2] The interpretation
urged by the taxpayers is too expansive.

Further, the legislative history of HRS § 232–4 suggests that
the legislature intended that only an appeal of a tax assessment
from *the year following the first year* which has been appealed
would qualify for an automatic appeal. Sen. Comm. Rep. No. 954,
in 1965 Senate Journal, at 1216 states:

> (1) Part I of the bill provides that a taxpayer who has
> filed a real property tax assessment appeal need not file a
> notice of the *second appeal* if the first appeal has not been
> decided prior to March 20 of *the assessment year follow-*
> *ing the first appeal* . . . . (Emphasis added.)[3]

Thus, under the statute as applied in this case, only the second
appeals, specifically those concerning the 1984 assessments which
followed the first appeals from the 1983 assessments might qualify
as automatic appeals. HRS § 232–4, however, imposes one addi-
tional requirement for an automatic appeal: the "assessment" that
is the subject of the first appeal must not have "changed."

The taxpayers assert that they have met this additional
requirement. They argue that they are only appealing the "assess-
ment" on their *lands* and this "assessment" did not change in 1984
from that in 1983. While they acknowledge that their total assess-
ment, which includes both *land* and *improvements*, did change
from 1983 to 1984, the taxpayers argue that, by law, they can
appeal an assessment in part or in its entirety. They further note

---

[2] In WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2050 (3d ed. 1967),
"second" is defined as:
 1(a)  being number two in a countable series. . . .
 (b)  next to the first in place or time.

[3] The exact date was changed to April 9 by amendment in 1975. *See* Act 157,
§ 31, 1975 Haw. Sess. Laws 334.

that the notice of assessment sent to them lists separately the valuation placed on improvements, the valuation placed on land, and a total of both figures.

They also contend that the "change" must only mean upward change based on the assumption that a taxpayer would not want to challenge a lower tax assessment given in a succeeding year. We note that in this case the assessments on the lands did not vary at all from 1983 to 1984.

We conclude that both of the interpretations of HRS § 232–4 are unsupported by the plain language of the statute. "The fundamental starting point for statutory interpretation is the language of the statute itself. . . . [W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." *National Union Fire Ins. Co. v. Ferreira*, 71 Haw. 341, 345, 790 P.2d 910, 913 (1990) (citations omitted). Therefore, we conclude that, as used in the statute, "assessment" must include the total assessment figure and "change" means any variance, whether upward or downward. As asserted by the appellees, if the legislature had intended "assessment" and "change" to be applied in a way other than that dictated by their plain meaning, it certainly could have inserted language limiting the kind of "assessment" and "change" referred to in the statute.

Absent such specific limiting language, appellants' interpretation essentially would require us to read new language into the statute. However, "departure from the plain and unambiguous language of the statute cannot be justified without a clear showing that the legislature intended some other meaning would be given the language." *Espaniola v. Cawdrey Mars Joint Venture*, 68 Haw. 171, 179, 707 P.2d 365, 370 (1985) (citation omitted).

## III.

The taxpayers argue that their appeals should be heard based on equitable considerations. They contend that their appeals have

merit as evidenced by the fact that the Real Property Assessment Division has reassessed real property owned by other subdivision members who filed appeals for each assessment from 1984 to 1987. According to the taxpayers, the purpose behind HRS § 232–4 is "to eliminate inequities inherent in the existing revenue structure; . . . ." *See* Hse. Stand. Comm. Rep. No. 596, in 1965 House Journal, at 689.

The right of appeal is "purely statutory and . . . therefore, the right of appeal is limited as provided by the legislature and compliance with the method and procedure prescribed by it is obligatory." *In re Taxes, Kenneth K. Kobayashi*, 44 Haw. 584, 593, 358 P.2d 539, 544 (1961). Further, the "statutory time for perfecting appeals, tax appeals in particular, is generally mandatory, . . ." (Citations omitted.) *In re Fasi*, 63 Haw. 624, 626, 634 P.2d 98, 101 (1981).

The taxpayers' remaining contentions are without merit.

Affirmed.

*Ward D. Jones* (Chuck Jones and MacLaren) for Appellant.

*Paul K. W. Au* (*Ronald B. Mun* with him on the brief), Deputy Corporation Counsel, for Appellee.