**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-25-0000525**
**17-SEP-2025**
**09:18 AM**
**Dkt. 42 ODSLJ**

NO. CAAP-25-0000525

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

In the Matter of the Tax Appeal of
PM & AM RESEARCH, INC., Appellant-Appellant,
v.
STATE OF HAWAIʻI, Appellee-Appellee.

APPEAL FROM THE TAX APPEAL COURT
(CASE NO. 1CTX-21-0001601)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Upon review of the record, it appears that:

(1) On July 21, 2025, Appellant-Appellant PM & AM Research, Inc. (**PM & AM Research**) filed the Notice of Appeal from the Tax Appeal Court's (**tax court**) July 10, 2025 Final Judgment and two related orders.[1]

(a) PM & AM Research's September 8, 2025 amended statement of jurisdiction argues, in part, it is not subject to the requirement in Hawaiʻi Revised Statutes (**HRS**) § 235-114(a) (Supp. 2024) that a taxpayer shall pay the disputed tax assessment plus interest before an appeal can be taken from the tax court's decision to this court. PM & AM Research asserts

---

[1] The two related orders are the June 23, 2025 minute order and the July 10, 2025 "Order (1) Granting Appellee's Motion to Dismiss Notice of Appeal to Tax Appeal Court Filed on November 22, 2021, filed April 17, 2025; (2) Denying as Moot Appellant PM & AM Research, Inc.'s Motion to Consolidate Appeals and Compel the Director of Taxation to Attend and Participate in the Administrative Appeals and Dispute Resolution Process; and (3) Denying as Moot Appellant PM & AM Research Inc.'s Motion to Admit Robert S. Wilmer Pro Hac Vice."

"prepayment of the tax is not required for the first appeal" and in this case the tax court's "dismissal for lack of jurisdiction should not be considered the 'first appeal.'"

(b)  Appellee-Appellee Director of Taxation, State of Hawaii's September 8, 2025 amended statement contesting jurisdiction argues this court "may lack appellate jurisdiction" because an appeal from the tax court to this court "is contingent on the payment of taxes and interest" and PM & AM Research "has not satisfied this statutorily mandated condition precedent" and "failed to make the required payment" of assessed general excise taxes plus interest.

(c)  HRS § 232-19 authorizes an aggrieved party to appeal to this court, "subject to chapter 602, from the decision of the tax appeal court by filing a written notice of appeal and depositing the costs of appeal, in the manner required by court rules, within thirty days after the filing of the decision or within thirty days after entry of final judgment. . . ."  Act 10 (April 10, 2025) (to be codified at HRS § 232-19).

(d)  HRS § 602-57(1) (2016) provides this court "shall have jurisdiction" "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]"

(e)  HRS § 235-114(a), which applies to appeals of general excise tax assessments, HRS § 237-42 (2017), states:

> Any person aggrieved by any assessment of the tax or liability imposed by this chapter may appeal from the assessment in the manner and within the time hereinafter set forth.  Appeal may be made either to the taxation board of review or to the tax appeal court.  The first appeal to either the taxation board of review or to the tax appeal court may be made without payment of the tax assessed.  Either <u>the taxpayer</u> or the assessor <u>may appeal</u> to the tax appeal court from a decision by the board or <u>to the intermediate appellate court from a decision by the tax appeal court; provided that if the decision by the board or the tax appeal court is appealed by the taxpayer</u>, or the decision by the board in favor of the department is not appealed, <u>the taxpayer shall pay the tax assessed plus interest as provided in section 231-39(b)(4)</u>.

(Emphases added.)

(f)  As stated above, HRS § 235-114(a) directs that if PM & AM Research appeals the tax court's decision to this court, PM & AM Research "shall pay the tax assessed plus interest[.]"

(g)  PM & AM Research does not identify where in the record it demonstrates compliance with HRS § 235-114(a), and payment of the "tax assessed plus interest" is a statutory requirement to appeal the tax court's decision to this court. See In re Tax Appeal of Lower Mapunapuna Tenants Ass'n, 73 Haw. 63, 69, 828 P.2d 263, 266 (1992) ("The right of appeal is purely statutory and therefore, the right of appeal is limited as provided by the legislature and compliance with the method and procedure prescribed by it is obligatory." (quotation marks and ellipsis omitted)).

(h)  Thus, this court lacks jurisdiction over this appeal.

(i)  When the court "perceive[s] a jurisdictional defect in an appeal, [it] must, *sua sponte*, dismiss that appeal." Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986).

(2)  On August 18, 2025, the parties stipulated to consolidate case numbers CAAP-25-0000525, CAAP-25-0000526, CAAP-25-0000527, and CAAP-25-0000528.

(3)  On September 1, 2025, Stephen Whittaker filed a Notice of Withdrawal and Substitution, which we construe as a motion to withdraw as counsel for PM & AM Research.  The motion notes that Benjamin E. Lowenthal remains as counsel for PM & AM Research.

Therefore, IT IS ORDERED that the appeal is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that the August 18, 2025 Stipulation to Consolidate Appeals is dismissed as moot.

IT IS FURTHER ORDERED that the September 1, 2025 motion to withdraw as counsel is granted.  The appellate clerk shall end

Stephen D. Whittaker as a party to this appeal in the Judiciary Information Management System.

DATED:  Honolulu, Hawaiʻi, September 17, 2025.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge